## MUTUAL BENEFIT LIFE INSURANCE COMPANY

*v.*

## THE RECTOR, WARDENS AND VESTRYMEN OF GRACE CHURCH, WESTFIELD, N. J., ALFRED MILLS, EDWARD K. MILLS and WILLIAM DAVISON.

M. and wife, in consideration of $1, conveyed a lot of land, in fee, to a
religious corporation, upon the express conditions that the grantee should not
mortgage or sell the land and should not permit any building to be erected
thereon except a church edifice for use in worship of a prescribed religious
character; but they expressly consented in the deed that a described mortgage
of even date with their deed might be given, which should not be affected by
the conditions but should have the same validity as if it had been made by
them prior to the conveyance to the religious corporation. The mortgagee
has commenced suit in this court to foreclose its mortgage, and to that suit it
has made a judgment creditor of the religious corporation a party defendant,
who claims the right to payment from the surplus proceeds of the foreclosure
sale.—*Held*, (*a*) that the grantors did not intend to create a trust for charitable
use, but to grant an estate upon condition, so that, upon breach of condition,
the land granted would come back to them; (*b*) that the foreclosure sale was
a possibility contemplated in the assent to the mortgaging, and does not amount
to a breach of condition; (*c*) that the foreclosure sale will be a sale *in invitum*
and not within the condition; (*d*) that as the condition not to sell wholly
restrains alienation, and, in so doing, is repugnant to the nature of the fee
granted, it is void; and (*e*) that, as there will be no breach of condition in the
foreclosure sale, and as thereafter no breach of condition will be possible, the
surplus proceeds of sale will belong to the religious corporation and be subject
to its debts.

On motion to strike out cross-bill under Rule 213.

The bill is filed by the Mutual Benefit Life Insurance Company to foreclose a $2,000 mortgage made to it by the rector, wardens and vestrymen of Grace Church, in Westfield, New Jersey, on the 14th of June 1875, which encumbers a plot of ground upon which a church edifice has been erected.

The plot of land was conveyed to the church corporation by deed bearing even date with the mortgage, which deed was made by Alfred Mills and his wife, the former being the owner of one undivided eighth and the latter the owner of seven undivided eighths of the land conveyed. Their deed is one of bargain and sale, expressed to have been made in consideration of $1, and is without covenants. It purports to convey the plot of land to the church corporation and its successors. The *habendum* is, using the language of the instrument,

" to the said party of the second part and their successors forever, with this express condition and limitation, that neither the said party of the second part, nor their successors, shall at any time sell, mortgage, or in any way convey the said land and premises, or any part thereof, and that no building shall be kept, maintained or erected thereon, except for the purpose of public worship and teaching in accordance with the uses, rights and ceremonies of the Protestant Episcopal Church in the United States of America, and also except the proper outbuildings appurtenant thereto; but it is expressly provided and hereby stated that the above conditions and limitations do not apply to the conveyance by way of mortgage, bearing even date herewith, about to be executed by the party of the second part to The Mutual Benefit Life Insurance Company of Newark, New Jersey, to secure the payment of two thousand dollars with interest, but that the said parties of the first part, for themselves and their heirs hereby expressly authorize and empower the said party of the second part to make and execute such conveyance by way of mortgage, bearing even date herewith to secure the payment of said sum of two thousand dollars with interest and agree and covenant with said party of the second party to ratify said mortgage so to be made, and that said particular mortgage and the estate which it is intended to convey shall be as full and complete to the said The Mutual Benefit Life Insurance Company, their successors and assigns, as though said mortgage were now before the execution hereof made directly by said parties of the first part to the said The Mutual Benefit Life Insurance Company, their successors and assigns."

Subsequent to the conveyance and mortgage, in May, 1886, Mrs. Mills died testate, her will bearing date in 1869. By the

will she bequeathed and devised her entire estate to her husband, failing to make any provision therein against the case of after-born children. The defendant Edward K. Mills was born after the will was made and has been made a defendant to this suit because of his interest in virtue of the statute. *Rev. p. 1246 § 19.*

The defendant Davison, on April 13th, 1894, recovered a judgment against the church corporation for $1,554.07.

To the foreclosure bill the church corporation has answered, admitting the mortgage and the judgment of Davison, but referring it to the court to determine what is due upon the mortgage and whether Davison shall be paid his judgment out of the proceeds of the foreclosure sale, and claiming that the surplus proceeds of sale will not in any event belong to the Messrs. Mills, but will go entirely to the church corporation if Davison is not to be paid his judgment thereout. By the answer it consents that this court may make a decree for the sale of the land, and asks that that decree shall contain full and specific directions as to what disposition shall be made of the surplus proceeds of sale after the payment of the complainant's mortgage with interest and costs.

The defendant Alfred Mills has answered, admitting the mortgage, denying that the Davison judgment is a lien on the land, and submitting the ascertainment of the amount due to the court. Then, by way of cross-bill, he sets out that the deed to the church corporation was made as a gift, without consideration, and that upon its execution and delivery there remained in him and his wife a reversionary interest and estate in the land conveyed. He insists that the church corporation, in accepting the deed from him and his wife, impliedly covenanted to pay the mortgage and prevent its foreclosure and the sale of the land mortgaged, and that its neglect to pay the mortgage and thus prevent its foreclosure was a breach of a condition of the deed. He alleges, among other things, that the church cost $6,500; that the land was worth $1,500, and that Mrs. Mills contributed in money towards the erection of the church $2,900, making the aggregate of the contributions of himself and his wife $4,400

out of the $8,000 expended, $2,000 of the remainder being represented by the complainant's mortgage; also, that the church corporation, knowing that Mr. Davison's judgment is not a lien on the land, and that effort or attempt by Davison to collect the judgment out of the land is a breach of the conditions and a violation of the restrictions and limitations of the deed, is collusively conniving and abetting the efforts of Davison, with purpose to aid him to collect his judgment from the land or the proceeds of the foreclosure sale thereof.

He prays that, upon the foreclosure sale, the surplus proceeds may be paid to him and his son, if the son be entitled to any part therein.

The cross-bill is framed upon a theory of the breach of condition which will cause the land to revert to the grantors, and the motion to dismiss it rests upon the insistment that it does not show any title to the surplus proceeds of the sale of the land in the Messrs. Mills, or either of them, or a situation which will defeat the payment of the Davison judgment out of the proceeds of sale.

*Mr. Craig A. Marsh* and *Mr. Charles A. Reed,* for the motion.

*Mr. Alfred Mills,* contra.

THE CHANCELLOR.

I am unable to find, in the acceptance of the deed from Mr. and Mrs. Mills, anything that will justify the implication of a covenant upon the part of the church corporation with the grantors of the land, which so obliges it to pay the mortgage that its failure to do so will amount to a breach of either of the conditions contained in the deed. Nor do I find that the allegations of the cross-bill charge such a collusive production of the foreclosure sale as will, if true, amount to a breach of either condition. In connection with the fact that Mr. Davison is not attempting to sell the land under his judgment, but is merely insisting, in this suit, upon his right to payment out of the surplus proceeds of the foreclosure sale, I look upon the charge of collusion in the

cross-bill as nothing more than an averment of a friendliness between the church corporation and Mr. Davison, which has not taken such shape as can amount to a breach of condition. It is not charged that either the church or Mr. Davison has procured the complainant to foreclose its mortgage and thus bring about a sale, and I do not understand that a mere desire that Mr. Davison shall be paid out of the proceeds of the foreclosure sale, however strong that desire may be, can amount to a breach of condition. Nor can the unnecessary assent of the church, in its answer, to the foreclosure sale, which it is unable to prevent, amount to such breach.

It is to be remembered that conditions subsequent are not favored either in law or in equity, and that they are, therefore, to be strictly construed. *Den* v. *Lawrence Church, Spenc. 555.*

Now, is the foreclosure sale to be regarded as a breach of either condition of the deed?

I think not, for three reasons—*first,* because the sale is one which the deed from Mr. and Mrs. Mills contemplates and assents to as not being within the condition or limitation; *second,* if the sale be not expressly assented to, it is not a voluntary sale by the grantee, but a sale *in invitum,* against which the condition will not be held to be directed (*4 Kent Com. 124*); and *third,* because the condition or limitation, which is designed to restrain altogether alienation of land, imposed in the deed by which the land is granted in fee, is repugnant to the nature of the estate granted, and void. *4 Kent Com. 134; Magie* v. *German Church, 2 Beas. 79; affirmed on appeal, 2 McCart. 500; 2 Washb. Real Prop. 9; 2 Dev. Deeds § 965; Gray Res. Al. §§ 13, 23, 43, 279.*

There is, then, a sale which does not amount to a breach of condition, but which effectually puts such a breach beyond future possibility.

It follows that, as the breach can never happen, the title of the church corporation to the surplus proceeds of sale has become absolute, and they may be taken by its judgment creditor.

I have considered the insistment of Mr. Mills, that the deed should be regarded as establishing a charitable use, to which the

27

Stockton v. Atlantic Highlands &c. Ry. Co.

surplus proceeds of sale should be devoted. The purpose of the deed, as shown by that instrument itself and as reiterated in the allegations of the cross-bill, was to give to a religious corporation a certain lot of land so long as it should be devoted to a specified use. The deed attempted to procure the fulfillment of that purpose, not by expressing, as the intent of the grantors, that the deed should be to the church corporation in trust, irrevocable reliance being had upon remedies for the enforcement of that trust, but by the imposition of conditions designed to defeat the gift if their terms should be violated; and the obvious reason for this form, as is exhibited by the cross-bill, was that the grantors of the lot did not contribute all that was required to establish the church, but a part only, which part they had the right to give upon condition, and have it returned to them upon the breach of the conditions they imposed.

I cannot find an intent to create a trust and thus bring the case within the decisions which construe the conditions into mere regulations of the trust and so maintain the gift as one to a charitable use.

I will grant the motion to strike out the cross-bill.